EVANS v. FORTNER et al.    (No. 1843.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1917. Rehearing Denied Nov. 22, 1917.)

1. PARTITION ⬤➡63(1) — BURDEN OF PROOF — HOMESTEAD.
    Defendant has the burden of showing that property sought to be partitioned by his wife's heirs constituted his homestead.

2. HOMESTEAD ⬤➡32—WHAT CONSTITUTES.
    To constitute a homestead, there must be actual occupancy and use as such, or an intention to do so, coupled with some acts indicating the intention.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Homestead.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Partition suit by Mrs. Viola Fortner and others against J. S. Evans. Judgment for plaintiffs, and defendant appeals. Affirmed.

Appellant and Mary A. Mitton, a widow, were married in 1878. In February, 1892, they purchased three unimproved building lots (50 by 140 feet each, and numbered 1, 2, and 3, respectively) in Texarkana, around which they at once constructed a fence. In the fall of that year (1892) appellant built a dwelling house on lot 3, having segregated it from lot 2 by a fence constructed on the line between them, and a few years later built a dwelling house on lot 2, part of which, by a fence constructed thereupon, he had segregated from the remainder thereof and from lot 1. The houses were built to rent, and were never used or occupied by others than tenants. In the fall of 1900 or 1901 appellant constructed a dwelling house on lot 1, which, with a part of lot 2, had been segregated, as stated, from the remainder of the land, and thereafterwards, until the death of Mrs. Evans in 1914, occupied and used this dwelling house, and lot 1 and the part of lot 2 inclosed with it as his home, and after the death of his wife continued to so occupy and use same. Appellee Mrs. Viola Fortner was the daughter of Mrs. Evans by her first husband and was her only heir. The suit was by Mrs. Fortner, joined by her husband, against appellant, to partition lot 3 and the part of lot 2 not inclosed, as stated, with lot 1. The defense interposed by appellant was that said lot 3 and said part of lot 2 were a part of his homestead, and therefore were not subject to partition during his

lifetime, or so long as he elected to use or occupy same as a home. The court, before whom the trial was had without a jury, found facts as stated above, and further found:

(1) That the property Mrs. Fortner sought to have partitioned belonged to the community estate between her mother (who died intestate) and appellant; (2) that at the time he improved the three lots as stated appellant dug a well on each of them, and afterwards continuously "rented out lots 2 and 3 to tenants whenever he could procure tenants therefor, and has never lived on or used either of lots 2 or 3 for homestead purposes, except the small portion of the north side of lot No. 2 inclosed with lot No. 1, but, on the other hand, it was his purpose to use lots 2 and 3 for the purposes of renting them out to tenants and thereby securing an income from which to partially make a living"; and (3) that all of lot No. 2 not inclosed with lot No. 1 and all of lot No. 3 were subject to partition.

The appeal is from a judgment directing a partition to be made as prayed for by Mrs. Fortner.

E. Newt Spivey and E. E. Weaver, both of Texarkana, for appellant. Mahaffey, Keeney & Dalby, of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). Assuming, as he does in his brief, that it appeared from the testimony that the three lots purchased by him in 1892 became his homestead within the meaning of the Constitution (article 16, §§ 51, 52) and laws (3 Vernon's Stat. art. 3786; 2 Vernon's Stat. art. 3429), appellant insists that it did not appear that lot 3 and the part of lot 2 in question ever ceased to be a part of such homestead; and he further insists that the trial court therefore erred when he directed a partition of said lot 3 and part of lot 2 as prayed for by Mrs. Fortner. The assumption that the three lots when purchased by appellant, or that lot 3 and the part of lot 2 in question ever thereafterwards, became his homestead, is not authorized by anything we have found in the record. There was no testimony showing, or tending in the least to show, that appellant intended, when he purchased the three lots to subject them, or either of them, to use as a home, or that he ever afterwards intended to subject, or in fact did subject, lot 3 and the part of lot 2 in question to such use. On the contrary, it appeared from appellant's own testimony as a witness, not only that he never used lot 3 and said part of lot 2 for the purposes of a home within the meaning of the Constitution (Blum v. Rogers, 78 Tex. 530, 15 S. W. 115; Heatherly v. Little, 21 Tex. Civ. App. 664, 52 S. W. 980; Wurzbach v. Menger, 27 Tex. Civ. App. 290, 65 S. W. 679), but that he, instead, shortly after he purchased same, constructed a dwelling house on said lot 3, and a few years later a dwelling house on said part of lot 2, which he ever afterwards rented to tenants. With reference to said

houses he testified that he "had them to rent, and that was the purpose that I built them for—for me in my old age, and to make a support for me; that's what I built them for exactly."

[1, 2] The burden was on appellant to show that said lot 3 and said part of lot 2 became homestead at the time or after the time he purchased same. He could have discharged the burden in no other way than by proving, and he did not, "actual occupancy and use of the property as a homestead, or a present intention to so use it, coupled with some acts indicating such intention." Fisher, C. J., in Wilkerson v. Jones, 40 S. W. 1046. And see Crabtree v. Whiteselle, 65 Tex. 111; Cobb v. Collins, 51 Tex. Civ. App. 63, 111 S. W. 760; Johnson v. Burton, 39 Tex. Civ. App. 249, 87 S. W. 181.

There is no error in the judgment, and it is affirmed.