## HILLIER v. HOWARD et al.

### No. 1927.

Court of Civil Appeals of Texas. Eastland.
June 23, 1939.

Rehearing Denied Sept. 29, 1939.

Smith & Smith, of Anson, for appellant.

A. K. Doss, of Abilene, and R. E. Rodgers, of Hamlin, for appellees.

LESLIE, Chief Justice.

W. M. Estes, R. B. Boyd, A. R. Hillier, Guy Hillier, Jr., and F. L. Hillier, instituted this suit in the nature of trespass to try title and to remove cloud therefrom against R. L. Howard. The defendant answered by general demurrer, general denial and by way of cross-action sought to foreclose a judgment lien, etc., on the lands. At the trial before the court, without a jury, judgment was rendered in favor of Estes, Boyd and Guy Hillier, Jr.; and in favor of R. L. Howard, foreclosing a judgment lien, etc. A. R. Hillier was dismissed from the suit.

The properties involved were once owned by Guy Hillier, Sr., and his wife. She died in 1923 and he died January 18, 1933. Upon the death of both parents and prior to the fixing of defendant's liens as set up in his cross-action, A. R. Hillier, Guy Hillier, Jr., and F. L. Hillier became the owners of the fee simple title to said lands situated in Jones County, Texas, and described as follows:

(1) All of lots 13 and 14 in block 41 of the original town of Hamlin, Texas, together with improvements situated thereon;

(2) 80 acres of land, being the north half of the SW 160 acres of subdivision 3 of league 360, Goliad County School Lands;

(3) The south 80 acres of said 160 acres; and

(4) Lot No. 9, block No. 50, of the original town of Hamlin, Texas.

About one month after the father's death (January 18, 1933), the three sons made and executed an oral partition of said lands. F. L. Hillier was allotted lots 13 and 14 in block 41 of the original town of Hamlin described in subdivision 1 above. Guy Hillier, Jr., was allotted the north 80 acres described in subdivision "(2)", and also lot No. 9 in block 50, set out in subdivision "(4)". A. R. Hillier was allotted the south 80 acres described in subdivision "(3)" above.

According to their agreement, full and exclusive ownership was to immediately vest in each allottee of the particular property awarded him. Subsequent to this oral partition, and subject to the rights of the father's lessees, the three brothers went into possession of the property so allotted. In confirmation of the oral partition, the brothers on December 23, 1933, executed deeds, each to the other, of the allotted lands. The deeds were immediately filed for record in the Deed Records of Jones County.

Subsequent to the execution and delivery of said partitioned deeds and the recording thereof, and for a valuable consideration the plaintiff W. M. Estes acquired from Guy Hillier, Jr., by deed of August 12, 1937, the 80 acres of land awarded to said Guy Hillier, Jr. R. B. Boyd, for a valuable consideration, and by deed dated January 5, 1935, acquired from A. R. Hillier said south 80 acres of said quarter section of land. Lot No. 9 in block 50, town of Hamlin, is still owned by Guy Hillier, Jr.

The defendant R. L. Howard established on September 22, 1933, a judgment for

about $1,826.35 against said F. L. Hillier and another. The same was duly abstracted in the judgment records of Jones County November 8, 1933. Execution duly issued thereon and was levied on the property of the judgment debtor F. L. Hillier, including said lots 13 and 14, block 41.

F. L. Hillier in defending against the claims thus asserted by R. L. Howard in his cross-action sought to establish his business homestead claim or exemption in said lots as of the date said liens were fixed and the trial court's refusal to recognize the validity of such claims presents the controlling question in this appeal.

The court on request of F. L. Hillier filed findings of fact and conclusions of law, which so accurately and fully dispose of the issues presented by the record that same will here be incorporated in this opinion:

"1. I find that upon the death of Guy Hillier, Sr. in the month of January, 1933, the real estate at issue in this cause passed to and became vested in the plaintiffs Guy Hillier, Jr., A. R. Hillier and F. L. Hillier under a fee simple title, said three parties inherited said lands and premises as the sole heirs of Guy Hillier, Sr., and his wife, who preceded him in death, and left surviving as their sole heirs their three sons above named.

"2. I find that shortly after the death of the said Guy Hillier, Sr., and prior to July 1, 1933 the said three heirs, as tenants in common, had an oral partition and division of the estate left by the said Guy Hillier, Sr., under which partition and division the said Guy Hillier, Jr., was to have and be the owner of the north eighty (N 80) acres of the SW 160 acres of subdivision 3, League 360, Goliad County School Lands in Jones County, Texas, and also to have and be the owner of Lot 9 in Block No. 50 of the Original town of Hamlin, Texas; that said A. R. Hillier was to have and be the owner of the south eighty (S80) acres of said 160 acres, and the plaintiff F. L. Hillier was to have and be the owner of all of lots 13 and 14 in Block 41 of the original town of Hamlin, Jones County, Texas and collected rents on said property after the death of Guy Hillier, Sr.; that under the said agreement legal titles to said various respective owners vested in each said allottees; I further find that no administration has been had on the estates of either Guy Hillier, Sr., or his deceased wife and that none was necessary; that both of said parties died intestate.

"3. I further find that at the time of the death of Guy Hillier, Sr., and at the time of the oral partition and division of the above described lands and premises plaintiff F. L. Hillier was indebted to the defendant under a judgment rendered in the District Court of Jones County, Texas on the 6th day of September, 1927, Cause No. 4966 on the Civil Docket thereof, in the sum of $868.45, bearing 10% interest per annum, together with original court costs in the sum of $25.85; that subsequent to the rendition of said judgment the same was revived by an action of Scire Facias brought by the defendant R. L. Howard, the revival order dated September 22, 1933 and that under said judgment the said F. L. Hillier at the time of the trial of this cause was indebted to the said R. L. Howard as cross-plaintiff in the sum of $1826.35. I further find that a judgment lien in favor of the said R. L. Howard was fixed and established against said lots 13 and 14 in Block 41 of the original town of Hamlin, Texas on the 8th day of November, 1933, and that on the 9th day of January, 1934 an execution lien in favor of the said R. L. Howard was fixed and established against said property. *I further find that at the time of the fixing and establishing of said two liens against said property the said F. L. Hillier did not have or hold a homestead exemption interest therein or any other character of exemption provided by law and that said liens remained unimpaired, and at the time of the trial of this suit the said R. L. Howard was and is entitled to a foreclosure of said two liens for the satisfaction of his debt against the said F. L. Hillier, together with interest and all costs.* (Italics ours.)

"4. I further find that the plaintiff Wm. Estes is the owner of and entitled to be quieted in his title as to the north eighty acres of the SW 160 acres of Subdivision 3, League 360, Goliad County School Lands situated in Jones County, Texas, and that R. B. Boyd is the owner of and entitled to be quieted in his title to the south eighty acres of said 160 acres.

"5. I further find that the plaintiff A. R. Hillier has no title or interest in any of the lands involved in this suit and that he should be dismissed from the same.

"6. I further find that the said R. L. Howard at the time of the fixing and es-

tablishing of his liens as above found had no notice, either actual or constructive, of said oral partition and division of said estate.

"7. I further find that no lien was created by the levy on July 14, 1933 under a Writ of Attachment issued in said Cause No. 4966, such levy being upon the undivided one-third interest of said F. L. Hillier in and to said 160 acres of land and also lots 13 and 14 in Block 41 of the original town of Hamlin, by reason of the fact at the time of the issuance and levy of said Writ of Attachment the judgment under which the same was issued was dormant.

"8. The oral partition was confirmed by the execution of deeds by the various co-tenants, dated December 23, 1933, and duly recorded."

"Conclusions of Law.

"1. I conclude that the said R. L. Howard, as cross-plaintiff, is entitled to have his debt against the said F. L. Hillier fixed and established in this action and to have his judgment lien and execution lien foreclosed against the property allotted to F. L. Hillier under the oral partition.

"2. That the plaintiffs Wm. Estes and R. B. Boyd should be quieted in their titles as to that share and portion of the original estate purchased by them from their co-plaintiffs Guy Hillier, Jr., and A. R. Hillier.

"3. That the defendant R. L. Howard is entitled to recover as against the plaintiff F. L. Hillier all costs in this behalf incurred.

"4. That the plaintiff A. R. Hillier should be dismissed from this suit, it not appearing that he had any suable interest in the subject matter of the suit.

"W. R. Chapman
"Judge Presiding."

The judgment and findings of the trial court are attacked by four assignments of error. The first assignment is "The trial court erred in decreeing a foreclosure of the judgment lien and execution lien in favor of R. L. Howard * * * for the reason that said lots were at the time of the recording of said abstract of judgment * * * the business homestead of appellant F. L. Hillier." Assignment two: "The court erred in his holding in the judgment that the said F. L. Hillier never acquired any homestead exemption in lots 13 and 14 * * *." Assignment three: "The trial court erred in his findings of fact * * * 'that at the time of the fixing and establishing of said two liens against said property the said F. L. Hillier did not have or hold a homestead exemption interest therein or any other character of exemption provided by law and that said lien remained unimpaired' etc." Fourth: "The trial court erred in his conclusion * * * that 'the said R. L. Howard is entitled to have his judgment lien and execution lien foreclosed against the property allotted to F. L. Hillier under the oral partition.'"

■ After a careful study of appellant's brief we do not find any contention that the judgment, or any particular finding of the court, is unsupported by any evidence, and neither is it asserted that the judgment or any such finding is against the undisputed evidence. There is no statement from the record disclosing that either such situations existed. Nevertheless we have carefully read the entire statement of facts and are of the opinion that the testimony merely raised an issue of fact on the business homestead issue. The learned trial judge saw the witnesses, heard them testify and in passing upon their credibility, and the weight to be given the testimony, resolved the fact issues against the appellant, and this court is without authority under the law to disturb the judgment which seems to be well supported by the testimony.

Meers et ux. v. Frick-Reid Supply Corp., Tex.Civ.App., 127 S.W.2d 493 (point 7); Westergren v. Campbell, District Judge, Tex.Civ.App., 127 S.W.2d 985 (point 3); Hampton v. C. D. Shamburger Lumber Co., Tex.Civ.App., 127 S.W.2d 245; 4 Texas Digest, Appeal and Error, ■■■ (1), page 438.

■ Further, to establish the homestead claim, F. L. Hillier relied essentially upon the testimony of himself and wife. It is a well settled rule that the credibility of positive and uncontradicted testimony of interested parties is for the jury or court. A fact issue arises. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916; Simmonds v. St. Louis B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332. In the light of the evidence generally, the testimony of these two witnesses on the vital elements in the case cannot be said to be uncontradicted. All the assignments are overruled.

For the reasons assigned, the judgment of the trial court is affirmed.