**Elizabeth SIMS et vir., Appellants,**

**v.**

**Charles Richard BEESON et al., Appellees.**

**No. 953.**

Court of Civil Appeals of Texas, Tyler.

Dec. 16, 1976.

Rehearing Denied Jan. 13, 1977.

Frank P. Granberry, Granberry & Hines, Crockett, for appellants.

Gus E. Meriwether, Sallas & Meriwether, Crockett, for appellees.

MOORE, Justice.

Plaintiffs, Elizabeth Sims and husband, Sherman Sims, instituted suit against defendant, Charles Beeson, et al, to set aside a deed to a 6¼ acre tract of land executed by Sherman Sims to Charles Beeson. As grounds for a cause of action plaintiffs alleged that they had used and occupied the land as their homestead from the time they acquired it on June 20, 1963, continuously to the filing of this suit and that the deed which they sought to set aside was void because it was not signed by Mrs. Sims. Plaintiffs prayed for judgment declaring the deed void and for title and possession of the land. Trial was before a jury. The homestead issue was submitted in Special Issue No. 1 wherein the jury was requested to find whether or not the land in question was a part of the homestead of the plaintiffs on the date Mr. Sims conveyed it to defendant on December 4, 1964. The jury answered: "We do not." After the motion for judgment notwithstanding the verdict and motion for a new trial had been overruled, plaintiffs perfected this appeal.

We affirm.

The record reveals that on October 24, 1947, plaintiffs purchased a home situated on a 6¼ acre tract of land near Latexo, Texas, on which they have continuously lived and claimed as their homestead (hereinafter sometimes referred to as the home tract). The 6¼ acre tract which is the basis of this controversy is adjacent to their home tract and lies to the rear thereof. The plaintiffs purchased the 6¼ acre tract in controversy on June 20, 1963. Before purchasing the land from the heirs of Mr. Sims' deceased brother, the testimony shows that the plaintiffs had always considered it to be in the family and had made such use of the land as they pleased since they purchased their home tract in 1947. The common boundary line between the two 6¼ acre tracts was situated approximately 225 yards behind plaintiffs' home. Approximately sixteen months after the purchase of the unimproved tract in controversy Mr. Sims, for and in consideration of the sum of $1,250.00, executed a deed to defendant, Charles Beeson, without the joinder of Mrs. Sims. A controversy arose almost immediately. Plaintiffs forcibly resisted Beeson's possession, and the parties have been in continuous litigation since that time. In 1971, Beeson sued Sherman Sims in trespass to try title and obtained a default judgment against him for title and possession to the 6¼ acre tract in controversy. By the present suit Sherman Sims sought to set aside the default judgment by means of a bill of review. The jury, however, found against him and he has now abandoned that branch of the litigation. The sole issue on this appeal involves the question of homestead.

By two points of error plaintiffs seek a reversal contending that the evidence conclusively established, as a matter of law, that the land in controversy was a part of their homestead. Alternatively, plaintiffs urge that the jury's refusal to find that the land was a part of their homestead is contrary to the overwhelming weight and preponderance of the evidence. We find no merit in either point and accordingly overrule both points.

It is well settled in this state that in order to establish homestead rights, the proof must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead. *Prince v. North State Bank,* 484 S.W.2d 405, 409 (Tex.Civ. App.-Amarillo 1972, writ ref'd n.r.e.); *McFarlane v. First Nat'l Bank,* 97 S.W.2d 754, 760–61 (Tex.Civ.App.-Beaumont 1936, writ ref'd); *Evans v. Fortner,* 198 S.W. 626, 627 (Tex.Civ.App.-Texarkana 1917, no writ); see also 28 Tex.Jur.2d Homesteads sec. 74. Before land can be claimed as a homestead, the proof must show that it was used for some one purpose of a home, either by cultivating it for income to be actually used for the purposes of the home, using it

directly for the purpose of raising family supplies, or for cutting firewood and the like. *Autry v. Reasor,* 102 Tex. 123, 113 S.W. 748 (1908); *Himes v. Himes,* 55 S.W.2d 181, 186 (Tex.Civ.App.-Fort Worth 1932, no writ). In order to recover the plaintiffs had the burden to prove that the 6¼ acre tract in controversy became a part of their homestead at the time or after they purchased it. *Savell v. Flint,* 347 S.W.2d 24, 26 (Tex.Civ. App.-Eastland 1961, writ ref'd n.r.e.); *Himes v. Himes,* supra; *Evans v. Fortner,* supra; see also 28 Tex.Jur.2d Homesteads sec. 83.

Both Mr. & Mrs. Sims testified with regard to their homestead claim. Mrs. Sims testified that when they bought the 6¼ acre tract in 1964, there was a fence separating it from their home tract and that the remainder of the tract in controversy was enclosed by a fence which they rebuilt after taking possession. She testified that the tract in question had always been "in the family" and that she and her husband commenced using it in 1947 with the permission of Mr. Sims' brother. Although there was no water on the tract in controversy, she stated that they had kept cows there "off and on" from the date they purchased it until about 1966 or 1967. She also testified that she had maintained a chicken pen on the tract and that they had kept some hogs there "many years ago." She did not state, however, whether such use was before or after they acquired title to the land. She further testified that after they took the cows out, they had some garden patches on the land but again she did not give the dates. Finally, she stated that they had continuously claimed the land as a part of their homestead since the time of its purchase.

Mr. Sims testified that he and his wife began to use the tract in question when they moved there in 1947. He testified that beginning with their purchase of the land in 1963 they claimed it and used it as a part of their homestead. We find nothing in his testimony, however, concerning any actual use which they had made of the land for homestead purposes. While he testified that they had a few chickens and a cow until 1968 or 1970, he offered no testimony showing that the disputed tract was used for pasture purposes subsequent to the time they acquired it in 1963. Although he testified he had rendered it for taxes in 1964 and each year thereafter as a part of the homestead, the record does not so indicate. While the tax records show that he signed a rendition affidavit each year for the 6¼ acre tract on which his home was situated declaring it to be his homestead, the 1964 tax records listing the 6¼ acre tract in question contain no such rendition affidavit. The records show that Beeson paid the taxes in 1965 and each year thereafter. According to the tax records, the only year in which Mr. Sims signed a rendition affidavit on the tract in question was in 1970, when he insisted on rendering the property and paying the taxes although he knew the taxes had already been paid by Mr. Beeson.

Although several disinterested witnesses were called for the purpose of showing that the plaintiffs used the land for homestead purposes, each of them disclaimed any knowledge of plaintiffs' use of the land. Thus, the question of whether the land in controversy became a part of their homestead must rest solely on the testimony of the plaintiffs.

■ Plaintiffs argue that their testimony conclusively established that the 6¼ acre tract in controversy was used by them as a part of their homestead because their testimony was not denied or refuted. We do not agree. At most, their testimony created nothing more than a question of fact on the homestead issue. *Reed v. Crump,* 277 S.W. 737, 738 (Tex.Civ.App.-Texarkana 1925, no writ); see also 28 Tex.Jur.2d Homesteads sec. 83. Since each of the plaintiffs was an interested witness, the matter was still for the jury even though their testimony was not denied or refuted by other evidence.

■ The general rule is that the testimony of interested witnesses, such as parties to the suit, merely raises a fact issue to be determined by the jury. *Simmonds v. St. Louis, B & M Ry.,* 127 Tex. 23, 91 S.W.2d

332 (1936); *Prince v. North State Bank,* supra; *Himes v. Himes,* supra; *Hillier v. Howard,* 131 S.W.2d 1002 (Tex.Civ.App.-Eastland 1939, writ ref'd). We recognize that the foregoing rule will not be applied when the testimony of the interested witness is clear, direct and positive and there are no circumstances in the evidence tending to be inconsistent or in conflict with the uncorroborated testimony. *Great Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). However, we do not believe that this exception to the general rule is applicable here because the testimony with regard to the homestead use cannot be said to be so clear, direct and positive as to become conclusive. We are of the opinion that the testimony merely raised a question of fact on the homestead issue. *Prince v. North State Bank,* supra; *Hillier v. Howard,* supra; *Wade v. First Nat'l Bank,* 263 S.W. 654, 656 (Tex.Civ.App.-Texarkana 1924, writ dism'd). Consequently, we hold that the verdict of the jury on the homestead issue cannot be disturbed.

We find no merit in the contention that the verdict and judgment is against the overwhelming weight and preponderance of the evidence and therefore plaintiffs' second point is overruled.

The judgment is affirmed.