**TEXAS COMMERCE BANK—IRVING,**
**Appellant,**

v.

**Homer Gifton McCREARY, Appellee.**

**No. 05–83–00932–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 10, 1984.

Rehearing Denied Oct. 10, 1984.

James A. Cline, Irving, Vera R. Bangs, Robert W. Jones, Dallas, for appellant.

Paul W. Leech, Grand Prairie, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

STEWART, Justice.

Homer McCreary sued Texas Commerce Bank-Irving (TCB) and its vice president, W.O. Parsons, to prevent foreclosure of a note and deed of trust on McCreary's property. The trial court found that the property was McCreary's homestead. From the judgment permanently enjoining TCB from foreclosing on its lien, TCB and Parsons appeal, contending that the property does not, as a matter of law, constitute either McCreary's business or residential homestead and that the trial court's finding is against the great weight of the evidence. We reverse the trial court's judgment and dissolve the injunction.

The standard of review from the issuance of a permanent injunction is the same as in any other appellate review. We review all the evidence to ascertain whether the ruling of the trial court was correct. *Electronic Data Systems Corp. v. Powell,* 524 S.W.2d 393, 395 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). In reviewing "insufficient evidence" points of error, we consider and weigh all of the evidence in the record and set aside the trial court's verdict if we conclude that the evidence is insufficient to support the trial court's finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *City of Ingleside v. Stewart,* 554 S.W.2d 939 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The facts are undisputed. McCreary was the president and sole stockholder of Texas Helicopter Corporation. The corporation leased property located in Irving for

its business premises. McCreary and his wife purchased the Irving property and later executed a lease with the corporation whereby the McCrearys were landlords and the corporation remained as tenant. This lease, describing the same property as that described in a deed of trust later given to TCB, provided for a monthly payment of rental and contained a renewal option for two years which was amended to five years in April of 1979. When they purchased and leased the Irving property, the McCrearys maintained their homestead in Southlake, Texas. After divorcing his wife in 1981, McCreary moved into a building located on the Irving property, and his ex-wife remained in the Southlake home.

In July of 1982, the corporation executed a promissory note for $50,000 payable to TCB which McCreary personally guaranteed. McCreary further personally executed a deed of trust on the Irving property to secure payment of this note and any future indebtedness incurred by the corporation and McCreary to TCB. Thereafter, the corporation executed three more promissory notes payable to TCB in the amounts of seventy-nine thousand five hundred dollars ($79,500), seventy thousand dollars ($70,000), and thirty-four thousand, five hundred dollars ($34,500). When these notes matured, both the corporation and McCreary failed to pay the amounts due, and TCB notified McCreary of its intent to foreclose its lien on the Irving property.

On appeal, TCB and Parsons contend that the Irving property does not qualify for an exemption as either a business or residential homestead. Although McCreary pleaded that the property was both his business and residential homestead, he abandoned the business homestead claim and asserts on appeal only that the property is his residential homestead. McCreary cites one authority, *Renaldo v. Bank of San Antonio,* 630 S.W.2d 638 (Tex.1982), and contends that he is eligible as a single person to establish a new and independent homestead.

■ The right of a single person to establish a homestead was included in the constitutional and statutory amendments adopted in 1973, TEX. CONST.ANN. art. 16 § 50 (Vernon Supp.1984); TEX.REV. CIV.STAT.ANN. art. 3833, *repealed by* Act of June 19, 1983, ch. 576, § 6, 1983 Tex. Gen.Laws 3729, and incorporated into the Property Code which became effective January 1, 1984, TEX.PROP.CODE ANN. Title 5 § 41.001 (Vernon 1984). Although his right to homestead exemption exists, McCreary still has the burden to establish the character of the property as his homestead by showing "a combination of both overt acts of homestead usage and the intention ... to claim the land as homestead." *Sims v. Beeson,* 545 S.W.2d 262, 263 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *see also Prince v. North State Bank of Amarillo,* 484 S.W.2d 405, 409 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.); *Blackwell v. Lasseter,* 203 S.W. 619 (Tex.Civ.App.—El Paso 1918), *aff'd,* 227 S.W. 944 (Tex.Comm'n App.1921, judgmt adopted). Further, in order to protect the property from foreclosure, McCreary must establish that its homestead character existed when he executed the deed of trust. *Sims v. Beeson,* 545 S.W.2d at 264; *Hayes v. First Trust Joint Stock Land Bank of Chicago,* 111 S.W.2d 1172 (Tex.Civ.App.—Fort Worth 1937, writ dism'd).

At the time McCreary purchased the Irving property, his homestead was located in Southlake, Texas. Immediately after the purchase, McCreary leased the entire Irving property to the corporation for its business purposes and for rental income to the McCrearys. Thus, the initial character of the Irving property was that of rental property. Property which is rented has long been ineligible for the homestead exemption. *Yates v. Home Building & Loan Co.,* 103 S.W.2d 1081 (Tex.Civ.App.—Beaumont 1937, no writ), and *Blackwell,* 203 S.W. at 622.

■ McCreary maintains that the fact that he moved into a house located on the Irving property is sufficient to establish this homestead right. Neither *Yates* nor *Blackwell* concerned a landlord who occupied the rented property, but we are not

directed to any authority which shows that such occupancy changes the character of the property. Although McCreary was a director, officer, and sole stockholder of the corporation, it remains a separate legal entity. It is uncontroverted that McCreary continued to accept rental payments from the corporation on the entire property from the inception of the lease. We hold that permission by the corporation to use one of its buildings for living quarters does not establish an independent right to use the premises as a residence and does not divest the corporation of its exclusive right to possession under the lease. There is no evidence that the property was ever divided into income-producing and residential property. Thus, its uninterrupted use as rental property, regardless of McCreary's occupancy of a building, precludes its qualification for a homestead exemption. *Yates*, 103 S.W.2d at 1085. Accordingly, we reverse the judgment of the trial court and dissolve the injunction against Texas Commerce Bank. Costs taxed to McCreary.

Reversed and rendered.