Alan T. GREGORY and Roberta
M. Gregory, Appellants,

v.

SUNBELT SAVINGS, F.S.B., Appellee.

No. 05–91–00093–CV.

Court of Appeals of Texas,
Dallas.

June 19, 1992.

Rehearing Denied Aug. 13, 1992.

Richard D. Anigian, Dallas, for appellants.

Bill Boyd, McKinney, for appellee.

Before STEWART, MALONEY and KAPLAN, JJ.

KAPLAN, Justice.

This is a homestead case. Alan and Roberta Gregory sued Sunbelt Savings, F.S.B. (Sunbelt) for injunctive and declaratory relief in connection with the foreclosure of certain residential property. The trial court rejected the Gregorys' homestead claim and awarded Sunbelt possession of the property.[1] The Gregorys appeal. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On April 15, 1985, the Gregorys executed a promissory note payable to Sunbelt Savings Association of Texas (Sunbelt Texas) in the principal amount of $395,000 (Note One). The proceeds of Note One were used to acquire a residential lot at 4516 Belclaire, Highland Park, Texas (the property). Note One was secured in part by a deed of trust (Deed of Trust One). Note One was scheduled to mature on January 15, 1986.

On November 1, 1985, the Gregorys executed a second promissory note payable to Sunbelt Texas in the principal amount of $672,000 (Note Two). The initial disbursement of the Note Two proceeds was used to pay $395,000 in principal and $19,663.10 in accrued interest on Note One. Note Two was secured in part by a second deed of trust (Deed of Trust Two). Note Two

was scheduled to mature on August 1, 1986.

On August 1, 1986, the Gregorys executed a renewal and extension promissory note in the principal amount of $672,000 (Note Three). This note was secured in part by Deed of Trust Two by virtue of a Modification of Note and Lien executed by the Gregorys (Lien Modification). Note Three was scheduled to mature on September 1, 1986.

The Gregorys defaulted. In August 1988, the Federal Home Loan Bank Board closed Sunbelt Texas and appointed the FSLIC as receiver. The FSLIC then transferred substantially all of the assets of Sunbelt Texas, including the Gregory notes and all related security agreements, to Sunbelt.

Sunbelt foreclosed on the property pursuant to Deed of Trust Two on March 6, 1990. Sunbelt purchased the property at the foreclosure sale and filed a forcible detainer action seeking to evict the Gregorys. The Gregorys filed suit to prevent Sunbelt from proceeding with the forcible detainer action and asked the court to declare the foreclosure sale and deed-of-trust lien void. Sunbelt filed a counterclaim for the deficiency remaining after the foreclosure sale. The trial court entered judgment for Sunbelt on all claims. This appeal follows.

## ISSUES ON APPEAL

The broad issue on appeal is whether the Belclaire property constituted the Gregorys' residential homestead at the time Deed of Trust Two was executed. The Gregorys challenge the sufficiency of the evidence to support the trial court's findings that: (1) the property did not constitute their residential homestead; and (2) even if the property was homestead, the Gregorys are estopped from asserting such homestead rights to defeat Sunbelt's entitlement to possession.[2] The Gregorys also contend

---

1. The trial court also rendered a $511,210.33 deficiency judgment against the Gregorys and awarded Sunbelt $11,750 in attorney's fees.

The Gregorys do not challenge this portion of the judgment on appeal.

2. It is not clear whether the Gregorys challenge the legal sufficiency or factual sufficiency of the

that enforcement of the first deed-of-trust lien is barred by the applicable statute of limitations.

## STANDARD OF REVIEW

Findings of fact in a case tried to the court have the same force and effect as a jury's verdict on special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). We review the trial court's findings of fact by the same standards that are applied in reviewing the evidence supporting a jury's answers. *Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ).

In reviewing a no-evidence point of error, we consider only the evidence and inferences that support the challenged finding. All contrary evidence and inferences are disregarded. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex. 1990). We uphold the trial court's findings if there is more than a scintilla of evidence to support them. *Stedman v. Georgetown Sav. & Loan Ass'n*, 595 S.W.2d 486, 488 (Tex.1979).

In reviewing a factual-sufficiency point of error, we consider all of the evidence. A finding will be set aside only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is wrong and manifestly unjust. *Zieben*, 786 S.W.2d at 799.

## HOMESTEAD

The Gregorys first challenge the trial court's finding that the property was not their homestead at the time Deed of Trust Two was executed.

### 1. Applicable Law

As a general rule, a homestead is protected against all debts except purchase money and specified improvements. Arti-

cle XVI, section 50 of the Texas Constitution provides, in pertinent part:

> The homestead of a family ... is hereby protected from forced sale for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon.... No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money thereof, or improvements made therein, as hereinbefore provided.... All pretended sales of the homestead involving any condition of defeasance shall be void.

TEX.CONST. art. XVI, § 50.

The party claiming a homestead exemption has the burden to prove that the property constituted a homestead at the time the deed of trust was executed. *Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex.1972); *Stewart v. Clarke*, 677 S.W.2d 246, 250 (Tex.App.—Corpus Christi 1984, no writ). The person seeking to establish homestead rights must prove concurrent usage and intent to claim the property as a homestead. *Stewart*, 677 S.W.2d at 250; *Texas Commerce Bank–Irving v. McCreary*, 677 S.W.2d 643, 645 (Tex. App.—Dallas 1984, no writ); *Sims v. Beeson*, 545 S.W.2d 262, 263 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). The homestead character of property can be established prior to actual occupancy when the owner intends to improve and occupy the premises as a homestead. Preparations for that purpose must be of such a character and have proceeded to such an extent as to manifest, beyond a reasonable doubt, the intention to complete the improvements and to reside upon the place as a home. *Bartels v. Huff*, 67 S.W.2d 411, 412 (Tex. Civ.App.—San Antonio 1933, writ ref'd).

The determination whether property constitutes a homestead at the time the deed of trust is executed is a question of fact. *Wentworth v. Collins*, 115 S.W.2d

evidence. We will therefore review the evidence under both standards in the interest of

justice. TEX.R.APP.P. 74(p).

442, 446 (Tex.Civ.App.—Fort Worth 1938, writ dism'd).

### 2. Application of Law to the Facts

The intent of the parties and usage of the property at the time Deed of Trust Two was executed were hotly contested at trial. There is some evidence that the Gregorys intended the property to be their homestead. The Gregorys rented a house when they moved to Dallas in 1981. They also had houses in two other states but did not claim either property as a residential homestead. In April 1985, the Gregorys purchased the residential lot on Belclaire with the proceeds of Note One. Roberta Gregory testified that she and her husband acquired the property with the intent to use it as a family homestead. She also testified that Sunbelt Texas knew that the property was to be used as their homestead. By the time Deed of Trust Two was executed in November 1985, the house originally on the Belclaire lot had been razed and a foundation had been laid for a new house. The Gregorys moved into the house in May 1986 and still live there.

There is also some evidence that the Gregorys did not intend the property to be their homestead at the time Deed of Trust Two was executed. The Gregorys represented in both Deeds of Trust One and Two that the property did not constitute their residential homestead. There were no overt acts of homestead usage at the time Deed of Trust Two was executed. The Gregorys did not claim a homestead credit on the property for 1986, more than one year after Deed of Trust Two was executed.

Moreover, Sunbelt Texas treated the loans as commercial. The interest rates on both loans were two percent above prime, typically a commercial rate. The terms of both loans were nine months, as opposed to a thirty-year term which is typical for residential homestead mortgages. Both loans included security agreements and an assignment of rent, neither of which is typical for residential loans. It is also significant that Alan Gregory is in the construc-

tion business and is familiar with commercial financing.

We conclude that the evidence is legally and factually sufficient to support the trial court's finding that the property did not constitute a residential homestead at the time Deed of Trust Two was executed. We overrule the Gregorys' first point of error.

### ESTOPPEL

■ The Gregorys next challenge the trial court's finding that they are estopped from asserting any homestead rights in the property to defeat Sunbelt's entitlement to possession.

### 1. Applicable Law

■ A mortgagor is estopped to assert a homestead claim where: (1) the mortgagee relied on the mortgagor's representation that the property was not homestead in making the loan secured by the deed of trust; and (2) the mortgagor was not in physical possession of the property at the time the deed of trust was executed so as to give the mortgagee notice of the homestead character. *First Coleman Nat'l Bank of Coleman v. Childs*, 113 S.W.2d 602, 604 (Tex.Civ.App.—Eastland 1938, writ ref'd); *Rose v. Turner*, 16 S.W.2d 433, 437 (Tex.Civ.App.—Galveston 1928, no writ); *Turrentine v. Doering*, 203 S.W. 802, 806 (Tex.Civ.App.—Beaumont 1918, writ ref'd). If the property is not a homestead at the time the deed of trust is executed, the homestead protections have no application, even if the property later becomes a homestead. *Inwood North Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex.1987).

### 2. Application of Law to the Facts

The Gregorys moved into the Belclaire house seven months after Deed of Trust Two was executed. They were not in physical possession of the property at the time the deed of trust was executed so as to give Sunbelt Texas notice of the homestead character. Moreover, the Gregorys represented in both Deeds of Trust One and Two that the property was not their residential homestead. Sunbelt Texas relied on this

representation in loaning the Gregorys the money. The Gregorys are therefore estopped to assert a homestead claim despite the fact that the property later became their homestead.

We conclude that the evidence is legally and factually sufficient to support the trial court's finding of estoppel. We overrule the Gregorys' second point of error.

## PURCHASE MONEY EXCEPTION

■ Sunbelt contends that the foreclosure is proper in any event because the indebtedness secured by Deed of Trust Two represented purchase money used to acquire the homestead.

### 1. Applicable Law

■ Purchase-money liens on homestead property are not protected from forced sale under the Texas Constitution. TEX.CONST. art. XVI, § 50. Borrowers often incur debt secured by a homestead and use only a portion of the proceeds to purchase or improve the homestead property. In such cases, a valid and enforceable lien may be created to the extent of the original purchase-money debt due upon the homestead. *M. Kangerga & Bros. v. Willard*, 191 S.W. 195, 198 (Tex.Civ.App.—Texarkana 1916, no writ). If the debt is later extended by giving new notes, the old lien may be perpetuated without losing its validity. *Id.* Foreclosure under the valid portion of a deed is proper. *Means v. United Fidelity Life Ins. Co.*, 550 S.W.2d 302, 309 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); *Price v. McAnelly*, 287 S.W. 77, 80–81 (Tex.Civ.App.—San Antonio 1926, writ dism'd).

### 2. Application of Law to the Facts

The proceeds of Note One were used as purchase money to acquire the Belclaire property. Note One was paid with the majority of the loan proceeds from Note Two. The obligation under Note Two represented purchase money for the property to the extent of the pay-off of Note One. The lien created by Deed of Trust Two is enforceable to the extent that it secures

**3.** The Gregorys concede in their brief that Sun-

the payment of the purchase price. *See* TEX.CONST. art. XVI, § 50; *Kangerga*, 191 S.W. at 198. The foreclosure under Deed of Trust Two was therefore proper, regardless of the property's status as a homestead.

## STATUTE OF LIMITATIONS

■ The Gregorys finally contend that the applicable statute of limitations barred enforcement of the first deed-of-trust lien. Sunbelt did not purport to foreclose under Deed of Trust One. Rather, Sunbelt foreclosed on the property under Deed of Trust Two.[3] We need only determine whether foreclosure under Deed of Trust Two is barred by limitations.

Note Two was scheduled to mature on August 1, 1986. Deed of Trust Two secured the payment of Note Two. The Gregorys executed a third promissory note and a lien modification in August 1986. Note Three was scheduled to mature on September 1, 1986. Sunbelt foreclosed on the property on March 6, 1990, within the four years allowed by the applicable statute of limitations. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 16.035(b) (Vernon 1986). The foreclosure sale is not barred. We overrule the Gregorys' third and fourth points of error.

The judgment of the trial court is affirmed.

belt foreclosed under Deed of Trust Two.