**Opinion issued August 27, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-11-00119-CV**

———————————

**SAIHAT CORPORATION, Appellant**

**V.**

**KEVIN MILLER, KENDRICK EDWARDS AND GEORGE THOMPSON,**
**Appellees**

———————————————————————————————————

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 949805**

———————————————————————————————————

## MEMORANDUM OPINION

Saihat Corporation appeals the trial court's judgment in favor of appellees

Kevin Miller, George Thompson, and Kendrick Edwards. In three issues,

appellant contends: (1) the trial court erred in finding that the property in question was not Edwards' homestead and refusing to set aside the constable's sale, (2) the trial court erred in awarding attorney's fees to Miller because Miller's pleading never prayed for them and no evidence as to the reasonableness and necessity of the fees was presented at trial, and (3) alternatively, the trial court erred in refusing to grant appellant's request for forcible detainer against Edwards.

We reverse the portion of the trial court's judgment awarding attorney's fees to Miller, render judgment that Miller take nothing against appellant, and dismiss the forcible-detainer claim for want of jurisdiction. The trial court's judgment is in all other respects, affirmed.

## Background

The underlying lawsuit was an attempt by appellant to set aside the sale of a house located at 5411 Blythewood Street, Houston, Texas (the Property) that appellant purchased at a Harris County Constable's sale.

On January 14, 2004, appellee Kevin Miller was awarded a $30,000 judgment against Kendrick Edwards, plus pre- and post-judgment interest and attorney's fees. (Harris County Civil Court at Law No. 4, Case No. 805543). George Thompson was Miller's attorney in this proceeding. Miller obtained a writ of execution on the judgment on July 31, 2009 and appellant purchased the

2

Property for $91,000 at the Harris County Constable's sale held on October 6, 2009.

Appellant filed suit in Harris County Civil Court at Law No. 4 to set aside the sale arguing that (1) the Property was the homestead of judgment debtor Edwards, and therefore exempt from the forced sale, and (2) Miller's attorney, Thompson, falsely represented to appellant before the constable's sale that the Property was free and clear of all liens. (Harris County Civil Court at Law No. 4, Case No. 949,805). Appellant also filed a forcible detainer suit in the justice court against Edwards that appellant later appealed to Harris County Civil Court at Law No. 3 (Case No. 956,362). On appellant's motion, the forcible detainer suit (Case No. 956,362) was consolidated with the suit to set aside the sale (Case No. 949,805).

A bench trial on the merits of the consolidated case was held on October 8, 2010. At trial, Edwards testified that he bought the Property on January 9, 2008 and executed a Construction Deed of Trust and Assignment of Rents to Anchor Capital, LLC in exchange for $265,000, which he used to purchase and improve the Property. On July 24, 2008, Edwards executed a second Deed of Trust on the property to Sky Investments in exchange for a $350,000 loan, which he used to pay off the loan from Anchor Capital. According to Edwards, he was still making

3

improvements to the Property at that time but moved in shortly thereafter. Edwards and his nine-year old daughter currently reside there.

Edwards testified that the Property is his homestead and that he intended it to be his homestead from the time he purchased it.

> Q      (Saihat's counsel).  And I'm going to get straight to the point; is this property your homestead?
>
> A      (Edwards). Yes, it is.
>
> Q.     Okay.   And what do you mean by claiming this is your homestead?
>
> A.     This is the place where I live, where I reside, my home.
>
> Q.     You sleep there every night.
>
> A.     Yes, that's correct.
>
> Q.     Your daughter sleeps there with you?
>
> A.     That's correct.
>
> . . .
>
> Q.     And since [you acquired the Property on January 9, 2008], have you intended that property to be your homestead?
>
> A.     That is correct.

Edwards also testified that he had "been in the real estate business for some time" and that he had purchased other properties, but those properties were "for the real

estate business."[1] Edwards acknowledged that, aside from claiming the Property as his homestead when he applied for property insurance, he never claimed the Property as his homestead for any other purpose. Edwards did not claim this or any other property as his homestead for tax exemption purposes. He also acknowledged that the Deed of Trust to Sky Investments included a provision by which he contractually agreed not to claim the Property as his homestead.

Although Edwards testified that his driver's license lists his address as 6464 San Felipe, Edwards explained that the San Felipe address is for an apartment he co-signed on and leased for his mother and that he only uses that address so that his daughter can attend school nearby. The Harris County Appraisal District's records show 6464 San Felipe as Edwards' address. Edwards testified that he and his daughter were the only occupants of the Property, and initially denied having ever rented the property out. He later explained, that he had, on a temporary basis, rented two downstairs bedrooms to a friend in need, but that he and his daughter resided there throughout that time.

Edwards maintains that he never received notice that the Property was going to be sold at auction to satisfy Miller's 2004 judgment and he was unaware of the October 2009 sale until afterwards when one of appellant's representatives visited

---

[1] Aside from this general reference, there is no testimony or evidence in the record identifying any other real estate purchased by Edwards, in any capacity, other than the Property.

5

the Property. Edwards also testified that he did not recall calling the constable to discuss the sale of the Property.

Edwards presented the testimony of two other witnesses: his friend, Candace Cooper, and his colleague, Kim Scott. Both women testified that they visited Edwards at the Property many times during the last few years and that his daughter and he occupied and resided on the Property, specifically in October 2009. Scott also testified that she worked for Kendrick Madison Custom Homes as Edwards' office and personal assistant. According to Scott, the company was in the business of building and refurbishing homes.

Deputy Georgette Lee, the Harris County Constable who conducted the Constable's Sale, testified that someone who identified himself as "Kendrick Edwards" called her in August 2009 and told her that he did not own any real estate. Deputy Lee stated that she could not swear that the person who called her was "Kendrick Edwards" because she did not see him in person and could not positively identify his voice. She conceded the possibility that it could have been someone else.

On December 1, 2010, the trial court signed a judgment in favor of Miller and Thompson, in which the court denied appellant's claim to set aside the sale and awarded Miller $4,400 in attorney's fees. The trial court also made Findings of Fact and Conclusions of Law in support of the judgment. In particular, the trial

6

court found that the Property was not Edwards' homestead. Appellant does not challenge the portion of the trial court's judgment finding in favor of Miller and Thompson with respect to appellant's false representation claims.

**Standing**

Miller contends that appellant is without standing to claim that the Property was Edwards' homestead, because only Edwards could make that claim. Standing is a prerequisite to subject matter jurisdiction, and subject matter jurisdiction is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The general test for standing requires that a real controversy exists between the parties, which will be actually determined by the judicial declaration sought. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Texas homesteads are generally exempt from "forced sale, for the payment of all debts," except for those debts specifically enumerated in the constitution. TEX. CONST. art. XVI, § 50. The forced sale of a homestead property for a debt not specifically allowed by the constitution is void, and confers upon the purchaser no rights in the property. *Salomon v. Lesay*, 369 S.W.3d 540, 555 (Tex. App.— Houston [1st Dist.] 2012, no pet.) (citing *Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992)).

Here, appellant purchased the Property at the constable's sale and later learned that Edwards was claiming the Property as his homestead. If the Property is Edwards' homestead, it is exempt from the forced sale and the deed conveying the Property to appellant is void. *See* TEX. CONST. art. XVI, § 50; *Heggen*, 836 S.W.2d at 148. Appellant has standing to adjudicate its rights with respect to the Property, regardless of whether Edwards has filed suit to establish the Property as his homestead. *E.g., Hoffman v. Love*, 494 S.W.2d 591, 593 (Tex. Civ. App.—Dallas 1973, writ ref'd n.r.e.) (homestead case); *see also Johnson v. Coppel*, No. 01–09–00392–CV, 2012 WL 344757, at *3–5 (Tex. App.—Houston [1st Dist.] Feb. 2, 2012, no pet.) (mem. op.) (concluding plaintiff who asserted equitable title to condominium that was in his brother's name had standing to bring suit to set aside deed of trust allegedly executed by brother due to forgery, because forged deed was void, not merely voidable). Accordingly, we conclude that appellant has standing to challenge the validity of the constable's sale on the basis that the Property is Edwards' homestead.

**Mootness**

Miller also argues that the appeal is moot because an actual controversy no longer exists in this case, in light of a June 28, 2011 quitclaim deed in which Edwards conveyed and assigned all of his interest in the Property to appellant. The issue in the suit to set aside the sale is whether the forced sale of the Property is

8

void. If void, appellant is entitled to the return of the amount it paid at the sale, some of which was ordered to be distributed to Miller and Thompson in satisfaction of the judgment against Edwards and the award of attorney's fees. The quitclaim deed has nothing to do with the validity of the constable's sale or whether appellant is entitled to the return of those funds. The quitclaim deed also does not necessarily indicate that there is no actual controversy between Edwards and appellant with respect to their rights to immediate possession of the Property (i.e., appellant's forcible detainer claim against Edwards).

Accordingly, we conclude that the appeal is not moot.

**Homestead**

In his first issue, appellant contends that there was insufficient evidence to support the trial court's fact finding that the Property was not Edwards' homestead.

**A.    Standard of Review and Applicable Law**

"Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon questions." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also Milton M. Cooke Co. v. First Bank & Trust*, 290 S.W.3d 297, 302 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Thus, "the trial court's findings of fact are subject to sufficiency challenges under the same standards we apply to address the sufficiency of the evidence to support a jury's answer." *Milton M. Cooke Co.*, 290 S.W.3d at 302. In reviewing a challenge to

9

the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). The trial court acts as fact-finder in a bench trial and is the sole judge of the credibility of witnesses. *HTS Servs., Inc. v. Hallwood Realty Partners*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *S.W. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). As such, the trial court may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *S.W. Bell Media*, 825 S.W.2d at 493. We may not substitute our judgment for that of the fact finder. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986).

Homestead properties are afforded special and unique protections under the Texas Constitution and, relevant to this appeal, are generally exempt from "forced sale, for the payment of all debts," except those specifically enumerated in the constitution. *See* TEX. CONST. art. XVI, § 50. Because these rights protect citizens from losing their home, courts liberally construe constitutional and statutory homestead provisions to protect the homestead. *Kendall Builders, Inc. v. Chesson*,

149 S.W.3d 796, 807 (Tex. App.—Austin 2004, pet. denied). To establish a property as homestead property the claimant "must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead." *Sims v. Beeson*, 545 S.W.2d 262, 263 (Tex. Civ. App.— Tyler 1976, writ ref'd n.r.e.); *see also Salomon*, 369 S.W.3d at 554; *Dodd v. Harper*, 670 S.W.2d 646, 649 (Tex. App.—Houston [1st Dist.] 1983, no writ). The homestead character can even be established before actual occupancy when the owner intends to improve and occupy the premises as a homestead. *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158 (Tex. App.—Dallas 1992, writ denied). Generally, whether a piece of property qualifies as a homestead is a fact question. *Brown v. Bank of Galveston*, 963 S.W.2d 511, 515 (Tex. 1998); *see Sims*, 545 S.W.2d at 264–65 (concluding that testimony on homestead issue raised fact question).

Appellant argues that the trial court's finding that the Property was not Edwards' homestead was against the overwhelming weight of the evidence because Edwards, his friend Candace Cooper, and his assistant Kim Scott, all testified that Edwards resided at the Property with his daughter and that the Property was Edwards' homestead and there is no evidence of his having ever claimed any other property as his homestead since the purchase of this Property in

11

January 2008.[2]  Appellant further argues that the only evidence inconsistent with Edwards' homestead claim is testimony that: (1) Edwards temporarily rented out two bedrooms to a friend, (2) his driver's license lists a San Felipe street address, (3) Edwards never claimed a homestead exemption on the Property for tax purposes, (4) someone who identified himself as "Kendrick Edwards" contacted Deputy Lee before the constable's sale and informed her that he did not own any real estate, and (5) Edwards contractually agreed in the Deed of Trust to Sky Investments that he would not claim the Property as his homestead.

Appellant argues that none of these facts are evidence that the Property is not Edwards' homestead.  *See generally* TEX. PROP. CODE ANN. § 41.003 (West 2000) ("Temporary renting of a homestead does not change its homestead character if the homestead claimant has not acquired another homestead."); *Ramsey v. Davis*, 261 S.W.3d 811, 817 n.1 (Tex. App.—Dallas 2008, pet. denied) (noting that county records relating to homestead exemption are not determinative of homestead status); *First Interstate Bank of Bedford v. Bland*, 810 S.W.2d 277, 283–84 (Tex. App.—Fort Worth 1991, no writ) (stating that when claimant owns only one piece of property that claimant occupies and uses as his home, claimant not estopped to set up homestead exemption notwithstanding written or oral declarations to contrary); *Dodd*, 670 S.W.2d at 649 (stating no specific writing

---

[2]  Appellant argues that it was impossible for the San Felipe property to be his homestead because he merely rented the apartment.

needed to claim homestead and property owner's failure to file homestead exemption not proof that owner did not intend property to be his homestead). Appellant also contends that Deputy Lee's testimony that someone who identified himself as "Kendrick Edwards" called her in August 2009 and told her that he did not own any real estate, was no evidence that the Property was not Edwards' homestead because there was no proof that the caller was Edwards and the caller did not deny that the Property was his homestead.

Although these factors are not dispositive of the issue of whether the Property is Edwards' homestead, they are relevant to the trial court's evaluation of Edwards' intentions with respect to the Property and, more importantly, they assist the trial court's evaluation of Edwards' credibility. This is particularly true with respect to the issue of whether Edwards rented out the Property. Edwards initially denied renting out the Property. But, after his assistant, Scott, refuted this testimony, Edwards explained that he had temporarily rented two downstairs bedrooms to a friend in need, and that he and his daughter also resided at the Property during that time.

To establish the Property as Edwards' homestead, there must be evidence of "both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead." *Sims*, 545 S.W.2d at 263. The only evidence that the Property is Edwards' homestead is the testimony of Edwards, Cooper, and

Scott. After Edwards testified that he had been working in the residential real estate field for several years and had purchased other properties for his real estate business, a rational factfinder could have inferred that Edwards initially purchased the home as an investment (which would explain why he did not initially claim a homestead exemption on the Property) and then decided to claim the Property as his homestead after he learned that the valuable piece of real estate had been sold to satisfy Miller's default judgment against him. Although Edwards testified that he intended to claim the Property as his homestead, as the sole fact finder, the trial court was within its province to disbelieve Edwards' testimony on this point. *See S.W. Bell Media*, 825 S.W.2d at 493 (stating trial court may take into consideration all facts and surrounding circumstances in connection with testimony of each witness and accept or reject all or any part of that testimony). The trial court was also within its province to disbelieve the testimony of Edwards' friend, Cooper, and Edwards' assistant, Scott, about Edwards' use of and intentions with respect to the Property. *See id*.

After considering and weighing all the evidence, we cannot say that the trial court's judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176; *Arias*, 265 S.W.3d at 468.

We overrule appellant's first issue.

14

## Attorney's Fees

In its second issue, appellant contends that the trial court erred in awarding attorney's fees to Miller because Miller neither requested them in his pleadings nor presented any evidence they were reasonable and necessary. Absent a mandatory statute, the trial court's jurisdiction to render a judgment for attorney's fees must be invoked by the pleadings. *R. Conrad Moore & Assocs. v. Lerma*, 946 S.W.2d 90, 96 (Tex. App.—El Paso 1997, writ denied); *see generally Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006) ("For more than a century, Texas law has not allowed recovery of attorney's fees unless authorized by statute or contract."). A judgment not supported by pleadings requesting an award of attorney's fees is a nullity. *Lerma*, 946 S.W.2d at 96; *see generally Stoner v. Thompson*, 578 S.W.2d 679, 683–84 (Tex. 1979) (stating party may not be granted relief absent pleadings supporting such relief). In this case, there is no pleading to support an award of attorney's fees.

We sustain appellant's second issue.

## Forcible Detainer

In its third issue, appellant contends that the trial court erred in refusing to grant appellant's request for forcible detainer against Edwards. Appellant originally filed its petition for forcible detainer in the justice court. On January 15, 2010, the justice court rendered judgment in favor of appellant. Edwards appealed

the justice court's decision to County Civil Court at Law No. 3 on February 12, 2010. On April 15, 2010, the trial court granted appellant's motion to consolidate the appeal in the forcible detainer suit (Case No. 956,362) with the suit to set aside the sale (Case No. 949,805).[3]

The sole issue in a forcible-detainer action is which party has the right to immediate possession of the property. *See Dormady v. Dinero Land & Cattle, Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Although justice courts and, on appeal, county courts, have jurisdiction of forcible-detainer suits, TEX. PROP. CODE ANN. § 24.004(a) (West Supp. 2012), TEX. R. CIV. P. 749, justice courts may not adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2012). Courts have recognized that a question of title may be so intertwined with the issue of possession so as to preclude adjudication of the right to possession without first determining title. In such cases, neither the

---

[3]     Although it appears that the county court's consolidation of the forcible detainer appeal and the suit to set aside the sale was simple error, none of the parties have raised this issue. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 442 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding trial court abused its discretion by consolidating tenant's tort suit against landlord, in which it exercised original jurisdiction, with landlord's forcible detainer appeal; reviewing error as simple, as opposed to fundamental error); s*ee also Tate v. Andrews*, 372 S.W.3d 751, 754 (Tex. App.—Dallas 2012, no pet.) (holding tenants failed to preserve issue that consolidation of forcible detainer appeal and tort suit filed by tenants against landlord deprived them of opportunity to present evidence or argument in support of their claims because tenants did not make this argument to trial court).

justice court nor the county civil court at law on appeal has jurisdiction over the forcible-detainer action. *Dormady*, 61 S.W.3d at 557–58; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Appellant's superior right to possession in the forcible-detainer action was based on the deed to the Property it acquired at the constable's sale. Edwards responded and claimed that he had a superior right to possession because the Property was his homestead.[4] In this case, neither the justice court nor the county court at law could have determined which party had the superior right of possession without first determining title (i.e., whether the constable's sale was void because the property was Edwards' homestead). Because neither the justice court nor the county court at law had jurisdiction over the forcible-detainer action, we do not have jurisdiction over this issue on appeal. Accordingly, we dismiss the forcible-detainer claim for want of jurisdiction.

We overrule appellant's third issue.

## Conclusion

We reverse the portion of the trial court's judgment awarding attorney's fees to Miller, render judgment that Miller take nothing against appellant, and dismiss

---

[4] The justice court's judgment indicates that both appellant and Edwards were present when the court heard the forcible-detainer action on January 15, 2010. Edwards filed an answer in the county court on February 19, 2010.

17

the forcible-detainer claim for want of jurisdiction.  The trial court's judgment is in all other respects, affirmed.

Jim Sharp
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.