**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-20897
Summary Calendar
_____

IN RE: PAUL E. NUNU,

Debtor,

PAUL E. NUNU; SHANDA NUNU,

Appellants,

VERSUS

DEL LAGO ESTATES PROPERTY OWNERS ASSOCIATION,

Appellee.

Appeal from the United States District Court for
the Southern District of Texas

April 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Paul E. Nunu and his wife Shanda Nunu appeal from a final judgment in an adversary proceeding incident to Nunu's Chapter 7 bankruptcy. They challenge the denial by both the District and Bankruptcy Courts of their residential urban homestead exemption as applied to property Nunu owns located in Del Lago Estates subdivision in Conroe, Texas. Nunu owns other property in Houston,

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas that is the site of a residence and Paul Nunu's business office. Nunu argues that he is entitled to a homestead exemption covering both properties which would entitle him to discharge the lien claimed on the Del Lago property by the creditor, Del Lago Estates Property Owner's Association.

Nunu argues first that the District Court erred by failing to give res judicata or collateral estoppel effect to certain statements in the state court judgment that is the basis of the Creditor's lien and in a Memorandum Opinion of the Bankruptcy Court. The validity of the homestead exemption was not an issue in the state court proceedings. Accordingly, it can have no res judicata or collateral estoppel effect in these proceedings. In addition, we agree with the District Court that the Bankruptcy Court was entitled to revise its preliminary findings following an abbreviated hearing on a motion and that the preliminary finding is not binding as the law of the case. U.S. v. O'Keefe, 169 F.3d 281, 283 (5th Cir. 1999); Meineke Discount Muffler v. Jaynes, 999 F.2d 120, 122 (5th Cir. 120, 122 (5th Cir. 1993).

We also agree with the District Court's and Bankruptcy Court's determination that the Del Lago property was not "in the same urban area" as the Houston office/residence and was not "used for the purposes of an urban home" which would qualify the Del Lago property for the Texas homestead exemption. Tex. Prop. Code § 41.002(a). Whether a property constitutes a homestead is a question of fact which we review under the clearly erroneous

standard.  <u>Gregory v. Sunbelt Savings, F.S.B.</u>, 835 S.W.2d 155, 158 (Tex. App. - Dallas, 1992, writ denied).  The factual bases for the courts' judgments are clearly set out in their opinions and supported by the record.

Nunu also challenges the validity of the creditor's lien on the Del Lago property.  This challenge seeks to relitigate issues that were presented and decided in the state court litigation, which resulted in a consent judgment that Nunu's Del Lago lot was subject to the 1988 Restrictions on Del Lago subdivision lots and awarding damages.  Those issues may not be relitigated here.  We agree that the award for past assessments and attorney fees is secured by a lien on the Del Lago lot.  <u>Inwood North Homeowners Association, Inc. v. Harris</u>, 736 S.W. 2d 632 (Tex. 1987).  Finally, since the Del Lago lot is not exempt from the bankruptcy estate as urban homestead property, Shanda Nunu has no right under Texas law to consent to or challenge any encumbrance.

Accordingly, we AFFIRM for essentially the reasons stated by the District Court in its Memorandum and Order dated August 31, 2000 and by the Bankruptcy Court in its Memorandum Opinion dated March 31, 2000.