Assata TATE and Raythell
Thomas, Appellants

v.

Herschel ANDREWS, Jr. and Kenneth
Harris, Appellees.

No. 05–10–01654–CV.

Court of Appeals of Texas,
Dallas.

July 13, 2012.

Assata Tate and Raythell Thomas, Dallas, TX, pro se.

Sara Elizabeth Apel, Lyndon F. Bittle, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX, for Appellant.

Herschel Andrews Jr., Dallas, TX, pro se.

Kenneth Harris, Dallas, TX, pro se.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellants Assata Tate and her husband Raythell Thomas appeal from a judgment in favor of appellees Herschel Andrews, Jr. and Kenneth Harris for claims arising out of a commercial lease agreement. In two issues appellants complain about the trial court's decision to grant appellees' motion to consolidate lawsuits relating to the same property. We resolve appellants' issues against them and affirm.

### BACKGROUND

Appellants operated a snow cone business in property that Tate leased from appellee Andrews for $475 per month. Tate allegedly stopped paying rent and Andrews filed a complaint for forcible detainer against Tate in justice court in Dallas County, seeking a writ of possession, $1515 for unpaid rent, attorney's fees, and costs. The next day Tate filed an emergency application for a writ of reentry against Andrews in a second justice court in Dallas County. Tate obtained a temporary writ of reentry in the second justice court and both parties later appeared pro se for a bench trial in that court. At the conclusion of that trial the judge entered judgment in favor of Tate for $475, plus court costs and postjudgment interest. Andrews and Harris appealed from the second justice court's ruling and that appeal was filed in County Court at Law No. 3 and docketed as cause no. CC–10–07484–C.

The parties then returned to the first justice court where the jury returned a verdict in favor of Andrews for $1625 in damages in his forcible detainer action and gave Tate nine days to vacate the property. In response to the first justice court's ruling, Tate filed an appeal along with an affidavit of inability to pay costs. That appeal was filed in the County Court at Law No. 3 and docketed as cause no. CC–10–07614–C. The judge of the first justice court transferred the indigency issue to the second justice court where the judge in the second justice court ruled that Tate was indigent for purposes of appeal. Andrews and Harris appealed the indigency ruling and that appeal was filed in County

Court at Law No. 5 and docketed as cause no. CC–10–07205–E—the instant case.

In addition, Tate and Thomas filed another lawsuit against Andrews, asserting claims for abuse of process, illegal lockout, conversion, breach of contract, fraud, and misrepresentation ("the tort suit"). The tort suit was filed in County Court at Law No. 2 and docketed as cause no. CC–10–07203–B.

In this case appellees filed a motion to consolidate their appeal of the indigency ruling with (1) Tate's appeal of the forcible detainer lawsuit, cause no. CC–10–07614–C, (2) appellees' appeal of the writ of reentry, cause no. CC–10–07484–C, and (3) appellants' tort suit, cause no. CC–10–07203–B. Likewise, appellants also filed a motion to consolidate their tort suit, cause no. CC–10–07203–B, with and into appellees' appeal of the writ of reentry, cause no. CC–10–07484–C.

Before trial the trial court consolidated Tate's appeal of the forcible detainer action, cause no. CC–10–07614–C, into this case. The trial court then conducted a trial de novo on the issue of possession and unpaid rents. At the conclusion of trial the trial court consolidated appellants' tort suit, cause no. CC–10–07203–B, and appellees' appeal of the writ of reentry, cause no. CC–10–07484–C, into this case. The trial court also signed a judgment in favor of appellees for $3,491.

## ANALYSIS

### First Issue

■ In their first issue appellants argue that the trial court's judgment is void because the trial court lacked subject-matter jurisdiction over the claims in appellants' tort suit. We disagree.

The same argument was raised and rejected in *Hong Kong Development, Inc. v. Nguyen,* 229 S.W.3d 415, 438 (Tex.App.-Houston [1st Dist.] 2007, no pet.). In *Nguyen,* the landlord filed a forcible detainer lawsuit in justice court and the tenant filed a separate tort lawsuit in county court at law. The tenant appealed the ruling in the forcible detainer lawsuit to the county court at law, and moved to consolidate the tort case with and into the appeal of the forcible detainer action. The trial court granted the motion to consolidate. On appeal the landlord argued that the trial court lacked subject-matter jurisdiction to consolidate the lawsuits because its jurisdiction was limited by virtue of its appellate jurisdiction over the forcible detainer lawsuit. Our sister court disagreed. It reasoned that the two county courts at law involved in that case each had subject-matter jurisdiction over forcible-detainer appeals generally and also had subject-matter jurisdiction over the general categories of claims in the tort lawsuit. *Id.* at 440. The *Nguyen* court also explained that "once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." *Id.* (internal quotation and citation omitted). As a result, the *Nguyen* court held that the county court at law "had subject-matter jurisdiction to consolidate the forcible-detainer and tort suits, that its order consolidating them was thus not void, and that the trial court was not divested of jurisdiction over the consolidated suit simply because the pre-consolidation suits had involved appellate and original jurisdiction, respectively." *Id.*

We agree with the *Nguyen* court's analysis. We conclude that the trial court had subject-matter jurisdiction over appellants' claims in the tort suit and that its order is not void. *See id.* We resolve appellants' first issue against them.

### Second Issue

■ In their second issue appellants argue, in the alternative, that if the trial

court had jurisdiction over appellants' claims in the tort suit, the trial court nevertheless abused its discretion by consolidating the two cases at the conclusion of trial because it deprived appellants of the opportunity to present evidence or argument in support of their claims.

■■■ As a threshold issue, we must decide whether appellants have preserved their complaint for appellate review. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003) (noting "error preservation in the trial court [ ] is a threshold to appellate review"). "To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling." *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 174 (Tex.App.-Dallas 2008, pet. denied) (citing Tex.R.App. P. 33.1(a)). In addition, "a party's argument on appeal must comport with its argument in the trial court." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex.App.-Dallas 2009, no pet.).

At the conclusion of trial, when the trial court announced its decision to grant the motion to consolidate the tort lawsuit, Tate stated, "But I'm the—I'm the plaintiff in that cause." She also stated, "I'd like my objection noted for the record, Your Honor." Appellants *did* not argue, either before or after the trial court granted the motion to consolidate, that the consolidation deprived them of the opportunity to present evidence or argument in support of their claims. As a result, we conclude that appellants' second issue was not preserved for appellate review. *See, e.g., id.* at 171 ("We conclude [appellant] failed to preserve the issue for appellate review because his issue on appeal does not comport with his objections made at trial."). We resolve appellants' second issue against them.

CONCLUSION

We resolve appellants' two issues against them and affirm the trial court's judgment.