

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00205-CV

**FOUNTAINS INTERNATIONAL GROUP, INC.**,
Appellant

v.

**SUMMIT OAK DEVELOPMENT, LLC**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-09146
Honorable Antonia Arteaga, Judge Presiding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  March 11, 2015

REVERSED AND REMANDED

This appeal arises from a suit on a promissory note that contained a balloon payment. Fountains International Group, Inc. appeals the trial court's judgment asserting the trial court erred in concluding that its pleading did not allege a claim to recover interest accruing after the date the balloon payment was due. Because we hold the pleading and the note attached thereto provided Summit Oak Development, LLC with fair notice that Fountains International was seeking to

---

[1] The Honorable Fred Shannon presided over the hearing on the motion for summary judgment and verbally pronounced the order that was subsequently signed by the Honorable Solomon Casseb III. The Honorable Antonia Arteaga presided over the subsequent hearings and signed the final judgment.

recover post-maturity interest, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

## BACKGROUND

On September 14, 1999, Summit Oaks signed a note payable to Fountains International for $625,000.00. The note provided for monthly interest-only payments until September 14, 2002, when a balloon payment of all principal and interest then remaining unpaid would be due. A dispute arose between the parties, and Summit Oaks did not make any payments on the note after March of 2002.

Fountains International sued Summit Oaks, and the trial court subsequently granted a partial summary judgment in favor of Fountains International. The order granting the partial summary judgment stated that Summit Oaks had defaulted under the terms of the note and was liable to Fountains International for the principal of the note in the amount of $625,000.00 and for interest that accrued before September 14, 2002, in the amount of $26,562.48. The order further stated, "the amount of additional interest Defendant owes Plaintiff for the period beginning September 14, 2002, through the date of this Order is a disputed issue and a separate hearing shall be held only on that remaining issue."

When the parties appeared before the trial court for a pre-trial hearing on the remaining issue, the attorney for Summit Oaks asserted Fountains International's pleading did not contain a claim for interest accruing after September 14, 2002. The attorney for Fountains International asserted that the petition alleged a default and that Fountains International employed an attorney to prosecute the lawsuit "[a]s a result of all [sic] defendant's failure and refusal to pay the amounts due and owing Plaintiff pursuant to the Note." The attorney for Fountains International further asserted that the petition sought the recovery of attorney's fees "[i]n addition to the terms of the Note." Finally, the attorney for Fountains International asserted the note was attached to the

petition. The trial court ruled, "that according to the pleadings there is not anything within them that indicates that there is enough notice to the defendants — or defense attorneys in this case to consider anything more than has already been determined by the last summary judgment." The trial court subsequently signed a final judgment stating, "Plaintiff is not entitled to interest from September 14, 2002, through the date of this judgment." Fountains International appeals.

## DISCUSSION

Fountains International argues the trial court erred in determining that its pleading and the attached note did not provide fair notice of its claim for interest accruing after September 14, 2002, citing Rule 59 of the Texas Rules of Civil Procedure which, in pertinent part, provides:

> Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, on the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegation which can be supplied from said exhibit.

TEX. R. CIV. P. 59. Summit Oaks responds that: (1) Fountains International waived its argument by failing to cite Rule 59 to the trial court; (2) Rule 59 is not applicable because the trial court did not deem Fountains International's pleading to be defective; and (3) Fountains International's pleading had to contain some allegation or general prayer to support the interest claim.

A. Waiver

In order to preserve error for this court's review, the arguments made on appeal must comport with the arguments made at the trial court level. *Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.); *Tate v. Andrews*, 372 S.W.3d 751, 754 (Tex. App.—Dallas 2012, no pet.). In this case, Fountains International clearly argued at the hearing before the trial court that its pleading provided sufficient notice of the interest claim because the note was attached

to the pleading. Summit Oaks asserts that this argument was not sufficient to preserve the issue presented on appeal because Fountains International did not cite Rule 59 in its argument to the trial court. We disagree.

In order to make a valid argument or objection, "a party need not "spout 'magic words' or recite a specific statute." *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). "References to a rule, statute, or specific case help to clarify an objection that might otherwise be obscure, but an objection is not defective merely because it does not cite a rule, statute, or specific case." *Id*. Instead, when presented with Fountains International's argument, the trial court had no discretion in determining what the law was or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *In re RSR Corp.*, 405 S.W.3d 263, 276-77 (Tex. App.—Dallas 2013, orig. proceeding [mand. abated]). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. Accordingly, Fountains International preserved its complaint that the pleading coupled with the attached note provided fair notice of its claim, and the trial court was required to correctly apply the law to that complaint.

B.      Applicability of Rule 59

Summit Oaks next contends that Rule 59 is not applicable because the trial court did not deem Fountains International's pleadings to be defective. To support this contention, Summit Oaks isolates the portion of Rule 59 providing that "pleadings shall not be deemed defective" based on the lack of allegations that can be supplied from attached exhibits. The applicability of Rule 59 does not, however, turn on whether the trial court found Fountains International's pleadings to be defective. Instead, Rule 59 provides the procedure whereby notes attached to pleadings can supply additional allegations the pleadings do not expressly contain. When a note

is attached to a pleading, Rule 59 permits the allegations in the note to supplement the allegations in the pleadings for purposes of determining whether a party received fair notice of a claim.

C.      Sufficiency of Pleading

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The purpose of the fair notice rule "'is to give the opposing party information sufficient to enable him to prepare a defense.'" *Id*. at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). In the absence of special exceptions, "courts should construe the pleadings liberally in favor of the pleader." *Id*. at 897.

Fountains International asserts that the note, which was attached to its petition, provided sufficient notice that it sought to recover interest accruing after September 14, 2002. We agree. As previously noted, Rule 59 permitted Fountains International to make the note a part of its pleadings by attaching the note to its petition, and Rule 59 further permits the note to supply any allegations that are not contained in the petition. *See* TEX. R. CIV. P. 59; *see also Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 66-68 (Tex. App.—Texarkana 2004, pet. denied) (holding DTPA demand letter attached to pleading provided fair notice that plaintiff was seeking special damages); *Johnson v. Smith*, 697 S.W.2d 625, 632-33 (Tex. App.—Houston [14th Dist.] 1985, no writ) ("pleadings will not be considered defective if any missing allegations can be supplied from any attached exhibits"). Furthermore, Fountains International's petition alleged that it filed the lawsuit because Summit Oaks failed to pay all the amounts due and owing on the note and sought to recover attorney's fees "[i]n addition to the terms of the Note." Accordingly, construing Fountains International's petition liberally and using the note to supplement those allegations, we hold the

trial court erred in concluding that Fountains International's petition did not satisfy the "fair notice" standard for pleading for the recovery of interest accruing after September 14, 2002.[2]

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.[3]

Rebeca C. Martinez, Justice

---

[2] We also note that the very nature in which the order granting the partial summary judgment was written is an indication that Summit Oaks was well aware that Fountains International was seeking to recover interest accruing after September 14, 2002. *See Burke*, 138 S.W.3d at 68 (noting depositions indicated defendant's awareness of claim for special damages). The partial summary judgment expressly recognized the recovery of interest accruing after September 14, 2002 was a disputed issue that required a separate hearing.

[3] Fountains International argues this court should calculate the interest owed and render judgment; however, Summit Oaks asserted several affirmative defenses in its answer, and the trial court granting the partial summary judgment determined that the recovery of the interest accruing after September 14, 2002 was a disputed issue. Because the trial court has not considered or ruled on Summit Oaks' affirmative defenses, we conclude that a remand of the cause is the appropriate disposition.