

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00122-CV

ABP HOLDINGS, INC.,
FRANKEY J. ANDERSON,
ANTONIO D. PARTEE AND
WEMYTH DEWAYNE BRECKENRIDGE,

                                                    **Appellants**

 **v.**

RAINBOW INTERNATIONAL LLC,

                                                    **Appellee**

From the 74th District Court
McLennan County, Texas
Trial Court No. 2021-142-3

## MEMORANDUM OPINION

The trial court denied ABP Holdings, Inc., Frankey J. Anderson, Antonio D. Partee, and Wemyth Dewayne Breckenridge's motion to dismiss and motion to compel arbitration and granted a temporary injunction in favor of Rainbow International, LLC. ABP, Anderson, Partee, and Breckenridge bring this interlocutory appeal complaining of the trial court's orders. We will affirm.

**Factual and Procedural Background**

In November 2016 Anderson, Partee, and Breckenridge entered into a ten-year franchise agreement with Rainbow. Shortly thereafter in February 2017 the franchise agreement was assigned by Anderson, Partee, and Breckenridge to the Tennessee corporation ABP Holdings, Inc. of which Anderson, Partee, and Breckenridge were principal shareholders. The assignment agreement, in addition to assigning the franchise to ABP, provided that Anderson, Partee, and Breckenridge would guarantee "the prompt and complete performance of all terms contained in the [franchise] agreement." By August 2019 Rainbow determined ABP, Anderson, Partee, and Breckenridge were in default under the terms of the franchise agreement. Some efforts were made to cure the alleged default but by April 2020 Rainbow sent a notice of intent to terminate the franchise agreement. Ultimately, Rainbow terminated the franchise agreement in July 2020. Subsequently Rainbow obtained information that led it to believe that ABP, Anderson, Partee, and Breckenridge were in violation of their post-termination obligations to Rainbow under the franchise agreement. In January 2021 Rainbow filed suit against ABP, Anderson, Partee, and Breckenridge. Rainbow's lawsuit ultimately sought injunctive relief and monetary damages against ABP, Anderson, Partee, and Breckenridge for their violation of a covenant not to compete contained in the franchise agreement. ABP, Anderson, Partee, and Breckenridge filed a

motion to dismiss Rainbow's claims, or alternatively, to compel arbitration.[1] After a hearing on ABP, Anderson, Partee, and Breckenridge's motion to dismiss and/or to compel arbitration and Rainbow's request for temporary injunctive relief the trial court denied the motion to dismiss and/or to compel arbitration and granted a temporary injunction in favor of Rainbow. ABP, Anderson, Partee, and Breckenridge then instituted this appeal.

**Issues**

ABP, Anderson, Partee, and Breckenridge assert in three issues that the trial court erred. The three issues are as follows:

> Whether the lower court abused its discretion where, instead of referring the lower court action to arbitration upon finding the existence of a valid arbitration agreement as required by Texas law, the court deprived the appellants of their expected arbitration by implementing an exception to arbitration clause that was unconscionable in that it rendered the franchise agreement's arbitration clause illusory.

> Whether the appellee was entitled to equitable relief in the form of a temporary injunction where it failed to demonstrate that it had no adequate remedy at law.

> Whether the lower court's temporary injunction against the appellants must be voided and dissolved where, inter alia, it fails to comply with Texas Rule of Civil Procedure 683 in that it merely recites conclusory statements and fails to state or explain to any degree of specificity what probable, imminent or irreparable harm the appellee will suffer without the injunctive relief.

---

[1] Rainbow's live petition at the time ABP, Anderson, Partee, and Breckenridge filed their motion to dismiss included claims for breach of contract, suit on guaranty, misappropriation, conversion, tortious interference with existing contracts and business relations, and injunctive relief. By the time the trial court heard ABP, Anderson, Partee, and Breckenridge's motion to dismiss, Rainbow's live petition (its first amended petition) limited its claims to breach of contract, suit on guaranty, and a request for injunctive relief.

## Jurisdiction

Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides such jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We must first determine whether we have jurisdiction over this interlocutory appeal. *See Zachary v. SIS-Tech Applications, LLP*, 01-10-00834-CV, 2011 WL 2089767, at *2 (Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.); *see also Jones v. Tex. Dep't of Criminal Justice--Institutional Div.*, 318 S.W.3d 398, 401 (Tex. App.—Waco 2010, pet. denied). The matters at issue in this appeal arise from the trial court's (1) denial of a motion to refer the case to arbitration, and (2) grant of a temporary injunction.

An interlocutory appeal to the court of appeals regarding a matter subject to the Federal Arbitration Act is authorized by the Texas Civil Practice and Remedies Code under the same circumstances as would a federal district court's order under title 9, section 16, of the United States Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 and 9 U.S.C.A. § 16 (West). "Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, governs appellate review of arbitration orders." *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003). "Congress's intent in enacting § 16 was to favor arbitration, and it did so by authorizing immediate appeals from orders

disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration." *Id.* (internal footnote omitted). Federal Courts of Appeal have appellate jurisdiction over interlocutory district court orders denying requests to compel arbitration and to stay litigation by virtue of 9 U.S.C. § 16(a)(1). *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 165 (5th Cir. 2004) (citing *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003)). Parties may expressly agree to arbitrate under the FAA. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605–06 & n. 3 (Tex. 2005) (per curiam)). The arbitration agreement contained in the franchise agreement between the parties in this matter expressly provides that disputes will be submitted to binding arbitration under the authority of the Federal Arbitration Act, thus we have jurisdiction over the interlocutory district court order denying ABP, Anderson, Partee, and Breckenridge's request to compel arbitration.

Our jurisdiction over an interlocutory appeal of a trial court's grant of a temporary injunction is authorized by section 51.014 of the Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (A person may appeal from an interlocutory order of a district court that grants or refuses a temporary injunction.)

### Issue One

In essence ABP, Anderson, Partee, and Breckenridge's first issue challenges whether the trial court abused its discretion by implementing an exception to the

arbitration clause that was unconscionable and rendered the franchise agreement's arbitration clause illusory. In response, Rainbow argues that ABP, Anderson, Partee, and Breckenridge never pled or presented such a request for relief in the trial court and as such their complaint is not properly preserved and alternatively that Rainbow's claims are expressly excepted from arbitration under the franchise agreement. We will first address the issue of preservation.

AUTHORITY

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry v. Cash Biz*, LP, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009)). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations *de novo*." *Id.* Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law, which are reviewed *de novo*. *Id.* (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 598 & n.102 (Tex. 2008)).

"To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling." *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. R. APP. P. 33.1(a)). Furthermore,"[i]n order to preserve error for appellate review, a party's argument on appeal must comport with its

argument in the trial court." *Martin v. Cottonwood Creek Constr.*, LLC, 560 S.W.3d 759, 763 (Tex. App.—Waco 2018, no pet.) (citations omitted). *See* TEX. R. APP. P. 33.1(a).

DISCUSSION

The arbitration clause contained in the franchise agreement is as follows:

[11. B.] <u>Arbitration</u>. Except as qualified below, any dispute between you and us or any of our or your affiliates arising under, out of, in connection with or in relation to this Agreement, the parties' relationship, or your Business not resolved through mediation within 90 days of the initiation of mediation must be submitted to binding arbitration under the authority of the Federal Arbitration Act and must be determined by arbitration administered by the AAA pursuant to its then-current commercial arbitration rules and procedures. The arbitration must take place in the county where our headquarters is located at the time of the dispute. The arbitration must be conducted by a single arbitrator. The arbitrator must follow the law and not disregard the terms of this Agreement. The arbitrator must have at least five years of significant experience in franchise law. Any arbitration must be on an individual basis and the parties and the arbitrator will have no authority or power to proceed with any claim as a class action or otherwise to join or consolidate any claim with any other claim or any other proceeding involving third parties. If a court determines that this limitation on joinder of or class action certification of claims is unenforceable, then this entire commitment to arbitrate shall become null and void and the parties shall submit all claims to the jurisdiction of the courts. A judgment may be entered upon the arbitration award in any court of competent jurisdiction. The decision of the arbitrator will be final and binding on all parties to the dispute; however, the arbitrator may not under any circumstances: (1) stay the effectiveness of any pending termination of this Agreement; (2) assess punitive or exemplary damages; or (3) make any award which extends, modifies or suspends any lawful term of this Agreement or any reasonable standard of business performance that we set. Each party will bear its own costs and expenses for the arbitration and will be responsible to pay 50% of the arbitrator's fees and costs; provided that the prevailing party will be entitled to reimbursement of its fees and costs under Section 11.D.

[11. C.] <u>Exceptions to Arbitration</u>. Notwithstanding Section 11.B, the parties agree that the following claims will not be subject to arbitration and may be brought in any court of competent jurisdiction: any action for temporary, preliminary or permanent injunctive relief, specific performance, writ of attachment, or other equitable relief necessary to enjoin any harm or threat of harm to such party's tangible or intangible property, including trademarks, service marks and other intellectual property, brought at any time, including, without limitation, prior to or during the pendency of any arbitration proceedings initiated hereunder;

2. any action in ejectment or for possession of any interest in real or personal property; and

3. any action related solely to the collection of moneys owed to us or our affiliates.

(original formatting)

As a threshold issue, we must decide whether appellants have preserved their complaint for appellate review. *Tate v. Andrews*, 372 S.W.3d 751, 754 (Tex. App.—Dallas 2012, no pet.) (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003)).

ABP, Anderson, Partee, and Breckenridge did not assert or argue in their pleadings, brief, or argument in the trial court that the exceptions to arbitration are unconscionable or over broad and render the franchise agreement's arbitration clause illusory. The record before us does not reflect that the words "unconscionable" or "illusory" were used by ABP, Anderson, Partee, and Breckenridge in their trial court pleadings, briefing, or argument regarding the exceptions to the arbitration agreement. In their trial court brief ABP, Anderson, Partee, and Breckenridge refer to the arbitration exceptions on multiple occasions and make challenges as follows:

(1) that Rainbow's claims do not fall within any exceptions,

(2) that Rainbow's claims would not fall under the exception of an action related solely to the collection of money owed to us,

(3) that Rainbow's claim that its petition is simply to collect moneys owed to it is incorrect and presumptuous, and

(4) that Rainbow's claims do not fall within the exceptions because they cannot collect moneys for something it has not proven was owed.

ABP, Anderson, Partee, and Breckenridge now assert in their brief before this court that the exceptions to the arbitration agreement are unconscionable or overly broad and result in an illusory arbitration agreement, but they never asserted such when they were before the trial court. ABP, Anderson, Partee, and Breckenridge never pled that the franchise agreement, arbitration agreement, or exceptions were unconscionable or overly broad nor did they request a trial amendment during the hearing before the trial court to assert such claims.

An allegation that a provision in a contract is void, unenforceable, or unconscionable is a matter in the nature of avoidance and must be affirmatively pleaded. TEX. R. CIV. P. 94; *see Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019). If a party fails to plead an affirmative defense, it is waived. *Corbindale, L.P.*, 316 S.W.3d at 196. Because ABP, Anderson,

Partee, and Breckenridge failed to assert in the trial court that the exception to the arbitration agreement allowing for actions related solely to the collection of moneys owed to Rainbow was unconscionable or overly broad resulting in an illusory arbitration agreement they failed to preserve their first issue for appellate review. *See* TEX. R. APP. P. 33.1(a). We overrule ABP, Anderson, Partee, and Breckenridge's first issue.

## Issue Two

In issue two ABP, Anderson, Partee, and Breckenridge challenge whether Rainbow was entitled to equitable relief in the form of a temporary injunction where it failed to demonstrate that it had no adequate remedy at law.

AUTHORITY

The grant or denial of a temporary injunction is within the sound discretion of the trial court and is subject to reversal only for a clear abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). "We limit the scope of our review to the validity of the order, without reviewing or deciding the underlying merits, and will not disturb the order unless it is so arbitrary that it exceeds the bounds of reasonable discretion." *Henry v. Cox*, 520 S.W.3d 28, 33-34 (Tex. 2017) (internal quotes and footnotes omitted). An appellate court when applying an abuse of discretion standard cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Butnaru v. Ford Motor Co.*, 84 S.W.3d

198, 211 (Tex. 2002). A trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. *Id*. Furthermore, an abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Mabrey v. SandStream, Inc.*, 124 S.W.3d 302, 309 (Tex. App.—Fort Worth 2003, no pet.). We review the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor. *Morgan v. Clements Fluids S. Tex., LTD.*, 589 S.W.3d 177, 193 (Tex. App.—Tyler 2018, no pet.). Where no findings of fact are entered, as in this case, the order of the trial court must be upheld on any legal theory supported by the record. *Davis*, 571 S.W.2d at 862.

A temporary injunction is issued to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru*, 84 S.W.3d at 204. The issuance of a temporary injunction by the trial court is an extraordinary remedy and will not issue as a matter of right. *Id*. An applicant seeking relief must plead and prove the three specific elements: (1) a cause of action against the defendant, (2) a probable right to the relief sought on that cause of action, and (3) a probable, imminent, and irreparable injury in the interim if the injunction is not granted. *Id*. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Id*. A party requesting a temporary injunction to enforce a restrictive covenant is not required to prove irreparable injury for which there is no adequate remedy at law. *See Letkeman v. Reyes*, 299 S.W.3d 482, 486

(Tex. App.—Amarillo 2009, no pet.); *Jim Rutherford Investments, Inc. v. Terrarmar Beach Community Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Munson v. Milton*, 948 S.W.2d 813, 815 (Tex. App.—San Antonio 1997, pet. denied). All that is required is proof that the defendant intends to commit an act that would breach the restrictive covenant. *Letkeman*, 299 S.W.3d at 486. Injury that is the result of a breach of non-compete covenants is the epitome of irreparable injury. *See Tranter, Inc. v. Liss*, 02-13-00167-CV, 2014 WL 1257278, at *9 (Tex. App.—Fort Worth Mar. 27, 2014, no pet.) (mem. op.) (citing *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 569 (S.D. Tex. 2014)); *see also USI Sw., Inc. v. Edgewood Partners Ins. Ctr.*, 4:19-CV-04768, 2020 WL 2220573, at *3 (S.D. Tex. May 6, 2020); *Keurig Dr Pepper Inc. v. Chenier*, 4:19-CV-505, 2019 WL 3958154, at *11 (E.D. Tex. Aug. 22, 2019); *A & A Global Indus., Inc. v. Wolfe*, No. CIV.A. 3:01CV1515–D, 2001 WL 1388020, at *5 (N.D. Tex. Nov. 6, 2001).

DISCUSSION

Initially we note that ABP, Anderson, Partee, and Breckenridge recognized and acknowledged that Rainbow's request for injunctive relief was clearly carved out from the arbitration clause of the franchise agreement before proceeding with a hearing in the trial court on Rainbow's requested injunctive relief.

During the hearing Rainbow's president, Cary Fairless, detailed that as a franchisee ABP, Anderson, Partee, and Breckenridge were given access to the Rainbow brand, branding, logo, and other marketing branding. ABP, Anderson, Partee, and

Breckenridge also were given access to Rainbow's systems, which included technical training, and business operation systems. Access was also granted to Rainbow's purchasing discounts through a pro trade network and granted a right to operate their business in a protected territory in the Rainbow system. Fairless testified that the information provided to franchisees gives them a competitive advantage and that the two-year post-termination noncompete provision is to protect the territory for the next franchisee after a prior franchisee's exit. The post-termination noncompete also protects all existing franchisees in the Rainbow system if a franchisee departs and attempts to go into competition with any Rainbow franchisee. Fairless added that this is all done to protect the brand and help franchisees build and protect their investment. If Rainbow allowed such competition, it would erode the trust they have with existing franchisees. Fairless testified that there is no way to adequately compensate Rainbow for violations of the noncompete provision or to even put a value on such violations. Fairless was unable to express a way to calculate the economic loss to Rainbow or a way to repair such damage if allowed to occur. Fairless testified that Anderson, Partee, and Breckenridge violated the non-competition provision of the franchise agreement and provided documents supporting his testimony.

Based upon the testimony from the hearing on Rainbow's request for injunctive relief we conclude there was sufficient evidence to support the trial court's determination that Rainbow had no adequate remedy at law. Even if the evidence was

insufficient to show no adequate remedy at law such a determination is not necessary for a party requesting a temporary injunction to enforce a restrictive covenant. *See Letkeman*, 299 S.W.3d at 486; *Jim Rutherford Investments, Inc.*, 25 S.W.3d at 849; *Munson*, 948 S.W.2d at 815. Because Rainbow produced evidence that Anderson, Partee, and Breckenridge intended to commit an act that would breach the restrictive covenant proof of no adequate remedy at law is not required. *See Letkeman*, 299 S.W.3d at 486.

We overrule ABP, Anderson, Partee, and Breckenridge's second issue.

## Issue Three

In issue three ABP, Anderson, Partee, and Breckenridge question whether the trial court's temporary injunction must be voided and dissolved where it fails to comply with rule 683 of the Texas Rules of Civil Procedure because it merely recites conclusory statements and fails to state or explain to any degree of specificity what probable, imminent, or irreparable harm the appellee will suffer without the injunctive relief.

AUTHORITY

Rule 683 applies to orders granting temporary injunctions and provides that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. *See Stephens v. City of Reno*, 342 S.W.3d 249, 254 (Tex. App.—Texarkana 2011, no pet.). Rule 683 must be strictly followed and if an injunction order does not comply

with Rule 683, it is void and should be dissolved. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 788 (Tex. App.—Waco 2000, pet. dism'd w.o.j.). Where a temporary injunction is issued that does not conform to Rule 683, the nonconformity constitutes an abuse of discretion. *See EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ). "Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order." *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971). "It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered." *Id.* "The trial court's reasons must be specific and legally sufficient, and not mere conclusory statements." *Murray v. Epic Energy Res., Inc.*, 300 S.W.3d 461, 470–71 (Tex. App.—Beaumont 2009, no pet.) (citing *Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ)).

DISCUSSION

The trial court's temporary-injunction order provides:

> The Court, after consideration of the pleadings and evidence of the parties, finds that Plaintiff has shown a probable right of recovery in that Defendants have been shown to be in violation of the agreements between the parties including the violation by Defendants of noncompetition provisions in those agreements, that Defendants are operating a business that competes with Rainbow International at the same location, are

advertising with websites that offer services that compete with Rainbow International, and that Defendants have maintained an internet presence as Rainbow. The Court further finds that that [sic] unless the relief granted herein is ordered, Plaintiff will suffer immediate and irreparable harm, because Defendants are continuing and will continue violating the agreements and said provisions, including as set forth above. The Court further finds that Defendants have agreed in the Franchise Agreement that harm resulting from violation of the noncompetition provisions are irreparable. The Court further finds that money cannot adequately compensate Plaintiff for the harm that results from violations of the noncompetition provisions because such harms are incalculable and impact the franchise network. Accordingly, Plaintiff has no adequate remedy at law.

The above quoted portion of the order finds that Rainbow will suffer immediate and irreparable harm and that finding is supported by specific factual findings of violations by Defendants because they (1) are continuing and will continue violating the franchise agreement and noncompetition provisions, (2) are operating a business that competes with Rainbow International at the same location, (3) are advertising with websites that offer services that compete with Rainbow International, and (4) have maintained an internet presence as Rainbow. Additionally, defendants agreed in the franchise agreement that harm resulting from violation of the noncompetition provisions are irreparable. The trial court further found that money cannot adequately compensate Plaintiff for the harm that results from violations of the noncompetition provisions because such harms are incalculable and impact the franchise network.

We conclude that the temporary-injunction order complies with Rule 683 and is not void for the failure to state specific reasons why Rainbow will suffer irreparable

harm if the interlocutory relief is not ordered.  We overrule ABP, Anderson, Partee, and

Breckenridge's third issue.

## Conclusion

We affirm the orders of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed December 15, 2021
[CV06]

